[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

No. 08-13926

_____

D.C. Docket No. 07-00631-CV-TWT-1

ANNA C. MOORE, a minor child,
by and through her mother and
natural guardian PAMELA MOORE,

Plaintiff-Appellee,

versus

M.D. RHONDA MEDOWS,
in her official capacity as
Commissioner of the Department of
Community Health,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 24, 2009)

Before TJOFLAT and ANDERSON, Circuit Judges, and WOOD,* District Judge.

PER CURIAM:

---

* Honorable Lisa Godbey Wood, United States District Judge for the Southern District of Georgia, sitting by designation.

The District Court held that "[t]he state must provide for the amount of skilled nursing care which the Plaintiff's treating physician deems necessary to correct or ameliorate her condition." Moore v. Medows, 563 F. Supp. 2d 1354, 1357 (N.D. Ga. 2008). While it is true that, after the 1989 amendments to the Medicaid Act, the state must fund any medically necessary treatment that Anna C. Moore requires, Pittman v. Department of Health and Rehabilitative Services, 998 F.2d 887, 891-92 (11th Cir. 1993), it does not follow that the state is wholly excluded from the process of determining what treatment is necessary. Instead, both the state and Moore's physician have roles in determining what medical measures are necessary to "correct or ameliorate" Moore's medical conditions. Rush v. Parham, 625 F.2d 1150, 1155 (5th Cir. 1980);[1] 42 C.F.R. § 440.230 ("(d) The agency may place appropriate limits on a service based on such criteria as medical necessity or on utilization control procedures."); see 42 U.S.C. § 1396d(r)(5). A private physician's word on medical necessity is not dispositive.

Therefore, after oral argument and careful consideration, we REVERSE the District Court's grant of partial summary judgment for Moore and REMAND for proceedings not inconsistent with this opinion.

REVERSED.

---

[1] In Bonner v. City of Prichard, 661 F.3d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions predating September 30, 1981.